IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-00231-PAB-CBS

CHRIS HAMMOND,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

---

**ORDER**

---

The Court takes up this matter on the Response to the Court's Order to Show Cause [Docket No. 23] filed by defendant American Family Mutual Insurance Company.

Defendant's notice of removal alleges that this Court has subject matter jurisdiction over this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 1.  With respect to defendant's citizenship, the Notice of Removal alleges that defendant "is a citizen of the state of Wisconsin."  Docket No. 1 at 2, ¶ 3. On April 13, 2015, the Court issued its Order to Show Cause, ordering defendant to show cause why this case should not be dismissed for lack of subject matter jurisdiction due to defendant's failure to properly account for defendant's citizenship and failure to sufficiently establish the amount in controversy.  Docket No. 22 at 5.  With respect to defendant's citizenship, the Order to Show Cause stated:

> [A] corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  Defendant's Notice of Removal and plaintiff's complaint do not indicate defendant's state of incorporation or

>its principal place of business.  A corporation's principal place of business is
>the place where "a corporation's officers direct, control, and coordinate the
>corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010)
>(adopting "nerve center" test for determining a corporation's principal place
>of business). Identification of a "[p]rincipal office street address," *see* Docket
>No. 1-7, does not necessarily indicate that defendant's officers direct and
>control the corporation's activities from that location.  *See Spencer v. Pocono
>Int'l Raceway, Inc.*, 2012 WL 2050168, at *2 (M.D. Pa. June 6, 2012) ("a
>P.O. box may not serve as a principal place of business").

*Id.* at 2-3.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).  It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

Defendant invokes 28 U.S.C. § 1332 as the basis for this Court's diversity jurisdiction.  Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  As stated in the Court's Order to Show Cause, a corporation is deemed to be a citizen of both its state of incorporation and the state where its principal place of business is located.  *See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994); 13 Charles Alan Wright et al., *Federal Practice and Procedure*

§ 3624 (3d ed. 2014) ("[t]he principal effect of Section 1332(c) is obviously to establish dual citizenship for most corporations"). As a result, defendant, as the proponent of federal jurisdiction, must sufficiently allege both its state of incorporation and the state where its principal place of business is located.

Defendant fails to sufficiently allege its state of incorporation. In response to the Order to Show Cause, defendant alleges that it is "headquartered in Madison, Wisconsin," Docket No. 23 at 2, and cites a printout from its website stating "Our corporate headquarters is located at 6000 American Parkway, Madison, WI 53783." Docket No. 23-1 at 1. However, the mere fact that defendant's corporate headquarters is located in Wisconsin does not, by itself, indicate that defendant is organized under the laws of that state. Defendant further alleges that it is "domiciled in Wisconsin," Docket No. 23 at 2, and cites a printout from the Wisconsin Office of the Commissioner of Insurance, which indicates that defendant's "State of Domicile" is Wisconsin. Docket No. 23-2. However, it is not clear what defendant means by its use of the term "domicile." "Domicile" is generally used to describe a natural person's state of citizenship, *see, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), and is determined by the combination of an individual's physical presence in a location and an intent to remain there indefinitely. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Regardless of whether defendant intends to equate "domicile" with corporate citizenship, there is no indication that, by use of the term "domicile," the printout from the Wisconsin Office of the Commissioner of Insurance evidences defendant's state of incorporation. Thus, defendant's allegation concerning domicile and the printout from the Wisconsin Office of the Commissioner of Insurance

do not provide a basis upon which the Court can ascertain defendant's state of incorporation. Because defendant does not properly allege its citizenship, defendant fails to satisfy its burden of establishing federal jurisdiction. As a result, the Court is without sufficient assurance that it has subject matter jurisdiction over this case.[1] It is therefore,

**ORDERED** that this case is remanded pursuant to 28 U.S.C. § 1447(c) to the District Court of Douglas County, Colorado where it was filed as Civil Case No. 2014CV31309.

DATED April 29, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] The Court need not consider whether defendant has sufficiently alleged its principal place of business or established that the amount in controversy exceeds the jurisdictional threshold.